**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116563

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Donna A. Sturm, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Recovery Corp and Oliphant Financial, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Donna A. Sturm, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alpha Recovery Corp and Oliphant Financial, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Donna A. Sturm is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Alpha Recovery Corp, is a Colorado Corporation with a principal place of business in Arapahoe County, Colorado.

8. On information and belief, Defendant Oliphant Financial, LLC, is a Florida Limited Liability Company with a principal place of business in Sarasota County, Florida.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Alpha Recovery Corp for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated October 13, 2018. (**"Exhibit 1."**)

16. The letter was the initial communication Plaintiff received from Defendants.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. The written notice must contain the amount of the debt.

21. The written notice must contain the name of the creditor to whom the debt is owed.

22. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

23. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

24. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

27. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

28. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

29. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

30. The Letter sets forth certain language in bold.

3

31. The Letter sets forth certain language in type-face bigger than the rest of the writing on the Letter.

32. The bottom of the Letter states "***See reverse side for state specific laws and other important information***".

33. The reverse side of the letter does not include Plaintiff's Section 1692g rights.

34. Instead, the Section 1692g rights are set forth inconspicuously in the body of letter.

35. The Section 1692g rights, relative to the other language in the Letter, is visually inconspicuous.

36. The Section 1692g rights cannot be readily discerned from the rest of the non-boldfaced body of the Letter.

37. The Section 1692g rights cannot be readily discerned from the rest of the deemphasized writing of the Letter.

38. The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiffs' attention to the Section 1692g rights.

39. The Letter does not otherwise direct the consumer's attention to the Section 1692g rights in any way.

40. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

41. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

42. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

43. The letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

44. The letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

45. The letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

46. The letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

47. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. The Letter states that Plaintiff owes a debt to "Oliphant Financial, LLC."

50. At the time of the Letter, Plaintiff did not owe any money to Oliphant Financial, LLC.

51. Plaintiff does not owe any money to Oliphant Financial, LLC.

52. Plaintiff never contracted with Oliphant Financial, LLC.

53. Plaintiff never incurred a debt to Oliphant Financial, LLC.

54. Plaintiff does not have an account with Oliphant Financial, LLC.

55. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

56. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

57. Defendant's allegation that Plaintiff owed money to Oliphant Financial, LLC is a false representation of the character, amount, or legal status of any debt.

58. Defendant's allegation that Plaintiff owes any money to Oliphant Financial, LLC is a false representation of the character, amount, or legal status of any debt.

59. Defendant's request that Plaintiff make payment for a debt that she does not owe is a false representation or deceptive means to collect or attempt to collect any debt.

60. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

61. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

62. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

5

63. Defendants regularly engage in debt collection.

64. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter herein.

65. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

67. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

6

      c.      Find that Defendants' actions violate the FDCPA; and

      d.      Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

      e.      Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.      Grant Plaintiff's costs; together with

      g.      Such other relief that the Court determines is just and proper.

DATED: January 28, 2019

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116563



7