UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

DONNA A. STURM, individually and
on behalf of all others similarly situated,

                                Plaintiffs,

        -against-

ALPHA RECOVERY CORP.,

                                Defendant.

------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

11:04 am, Sep 22, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**

19-CV-556 (JMA) (AYS)

**APPEARANCES:**

Jonathan M. Cader
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
        *Attorneys for Plaintiff Donna A. Sturm*

Cindy D. Salvo
The Salvo Law Firm, P.C.
185 Fairfeld Avenue, Suite 3C/3D
West Caldwell, NJ 07006
        *Attorney for Defendant Alpha Recovery Corp.*

**AZRACK, United States District Judge:**

## I.        BACKGROUND:

        Plaintiff Donna A. Sturm ("Plaintiff") brings claims pursuant to the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., against defendant Alpha Recovery Corp.

("Defendant"), a debt collector.  (ECF No. 1.)  Pending before the Court are the parties' cross

motions for summary judgment.  (ECF Nos. 58, 61.)

        This case was reassigned to the undersigned on June 3, 2021 following the passing of the

late Hon. Sandra J. Feuerstein.  Previously, Judge Feuerstein granted in part and denied in part

Defendant's motion for judgment on the pleadings and allowed Plaintiff's claim pursuant to 15 U.S.C. § 1692e to proceed.  (ECF No. 30.)

In this surviving claim, Plaintiff challenges a letter, dated October 13, 2018, Defendant sent her to collect a debt of $94.53 on behalf of Oliphant Group Financial, LLC.  As the letter explained, "Your account with the above referenced original creditor [EVINE, Inc.] has been purchased and is now owned by our client, Oliphant Financial Group, LLC."  (ECF No. 1-1.)  Although the letter explicitly described the creditor as "Oliphant Financial <u>Group</u>, LLC" (emphasis added), Plaintiff's complaint recounts that "[t]he Letter states that Plaintiff owes a debt to "Oliphant Financial, LLC." (ECF No. 1 at 5.)  Plaintiff alleges that the letter's statement that she owed money to the entity Oliphant Financial Group, LLC—though the complaint describes the letter as stating the creditor was "Oliphant Financial, LLC"—was a false representation as to the character, amount, or legal status of any debt in violation of § 1692e(2)(A) because she did not owe any money to this entity, never contracted with it, never incurred a debt to it, and does not have an account with it.  (ECF No. 1 at 5.)[1]

The entire basis of the parties' dispute is whether the letter was accurate in describing Oliphant Financial Group, LLC as the owner of the debt.  Because there is no genuine issue of material fact as to Oliphant Financial Group, LLC's ownership of the debt, there was no violation of the FDCPA, and the Court **GRANTS** Defendant's motion for summary judgment.

---

[1]  In her briefs filed in support of her motion for summary judgment and in opposition to Defendant's motion for summary judgment, Plaintiff also claims that she is entitled to summary judgment because "the evidence will show that Plaintiff paid any sums she owed in connection with the purchase(s) she made from Evine prior to the time the account was placed with Defendant for collection."  (ECF No. 58-1 at 7.)  While a debt collector's attempt to collect a debt that has already been paid off could constitute a violation of the FDCPA in certain situations, Plaintiff never alleged such a theory in her complaint and did not file an amended complaint.  Because she cannot raise a claim premised on this theory for the first time at the summary judgment stage, the Court will not consider her arguments on this point.  <u>See, e.g.</u>, <u>Lyman v. CSX Transp., Inc.</u>, 364 F. App'x 699, 701 (2d Cir. 2010) ("The district court noted that these claims 'need not be considered' because plaintiff raised them for the first time in opposition to summary judgment . . .  We agree with the district court.").  The Court therefore considers only her false representation claim with respect to Oliphant Financial Group, LLC's purported ownership of the debt.

## II.   **DISCUSSION:**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating that "no genuine issue of material fact exists."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).  "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "When ruling on a summary judgment motion, [the Court] must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

In support of summary judgment, Defendant submitted an Assignment and Bill of Sale reflecting that Oliphant Financial Group, LLC purchased 21,556 debt accounts from Evine, Inc., Plaintiff's original creditor.  (ECF No. 59-2 at 20-21.)  Although there is no indication on the face of these documents that Plaintiff's specific account was among the 21,556 accounts Oliphant Financial Group, LLC purchased, Defendant cites deposition testimony and declarations from two corporate witnesses who explained that Plaintiff's account was one of the accounts purchased in this transaction.

Plaintiff, however, takes issue with this evidence and cites a state statute regarding default judgments to argue that Defendant was required under the FDCPA to submit more voluminous records regarding the chain of title of the debt in question.  Several courts in this district have

rejected Plaintiff's exact argument, however, reasoning that the New York statute Plaintiff cites has "no bearing at all in this FDCPA action" because such evidentiary requirements relate to a totally separate state law and specific procedural posture district from the FDCPA.  Rosenberg v. Frontline Asset Strategies, LLC, No. 21-CV-0175, 2021 WL 3617672, at *4 (E.D.N.Y. Aug. 16, 2021); see also Park v. Dynamic Recovery Solutions, LLC & Pinnacle Credit Services, LLC, No. 20-CV-1671, 2021 WL3603435, at *5 n.5 (E.D.N.Y. Aug 13, 2021).  This Court agrees.

Furthermore, with respect to Plaintiff's specific arguments challenging the evidence Defendant advances, pursuant to the FDCPA, "there is simply no requirement in the statute that a debt-collection notice clearly describe every step in the chain of ownership that the debt travels to arrive in the current creditor's possession.  Rather, the statute requires identification only of 'the name of the creditor to whom the debt is owed.'"  Taylor v. Am. Coradius Int'l, LLC, No. 19-CV-4890, 2020 WL 4504657, at *3 (E.D.N.Y. Aug. 5, 2020) (quoting 15 U.S.C. § 1692g(a)(2)).  In any event, Plaintiff's criticisms of the testimony and declaration are meritless, as explained below.

First, Plaintiff claims that "Oliphant Financial Group LLC's deposition witness testified that it did not, in fact, own the alleged Debt insofar as it never purchased an account from Evine concerning Plaintiff."  (ECF No 58-1 at 16.)  Specifically, Plaintiff points to the following deposition testimony from Michael Crossan, the CEO/COO of Oliphant USA, LLC, the Master Servicer that maintains business records on behalf of and for Oliphant Financial, LLC:

> Q.    And is it your understanding that Oliphant Financial purchased a distressed asset concerning Donna Sturm?
>
> A.    No.  Oliphant Financial never purchased an asset concerning Donna Sturm.
>
> Q.    Is it true that Oliphant Financial Group purchased the asset concerning Donna Sturm?
>
> A.    I believe that's the case based on everything I'm seeing with all the complaint, but I don't have any personal knowledge of that.

4

Q.      Do you have any personal knowledge whatsoever concerning any entities purchased of a distressed asset or an account from Evine concerning Donna Sturm?

A.      As I just stated, from what I'm seeing, it looks like Oliphant Financial Group purchased that, but Oliphant Financial did not.

Q.      So unequivocally Oliphant Financial did not purchase an account from Evine concerning Donna Sturm; correct?

MS. SALVO:  Objection.  Asked and answered.

Q.      You can answer the question.

A.      That is correct.

(ECF No. 58-4 at 1-2, 13:13-14:14.)  According to Plaintiff, this testimony shows that "Oliphant Financial Group, LLC did not, in fact, own the alleged Debt insofar as it never purchased an account from Evine concerning Plaintiff."  (ECF No. 58-3 at 3.)  Plaintiff's argument is meritless. Mr. Crossan testified that "it looks like Oliphant Financial Group purchased that [debt]."  This testimony is consistent with the letter's explanation to Plaintiff that "Your account with the above referenced original creditor [EVINE, Inc.] has been purchased and is now owned by our client, Oliphant Financial Group, LLC."  (ECF No. 1-1.)  Consequently, Plaintiff's argument fails.

Additionally, Plaintiff takes issue with a declaration Defendant submitted in support of its prior motion for judgment on the pleadings.  (ECF No. 25-5.)  In this declaration, Robert A. Morris, the CEO of Oliphant Financial Group, LLC, stated: "Oliphant regularly purchased debt.  In or about June 26, 2017, it purchased 21,556 accounts from Evine, Inc."  (Id.)  Additionally, he declared, "Plaintiff Donna Sturm's debt to Evine is one of the accounts that was purchased at that time."  (Id.)  Earlier in this document, "Oliphant" is a defined term that was defined to mean "Oliphant Financial, LLC."  (Id.)  Plaintiff argues that this declaration proves the letter contained

a false representation because while the letter stated "Oliphant Financial Group, LLC" owned the debt, the declaration stated "Oliphant"—defined to mean "Oliphant Financial, LLC"—owned it.

Plaintiff's argument is meritless. In support of summary judgment, Defendant submitted a subsequent declaration from Mr. Morris in which he explained that there was a typographical error in his original declaration because the word "group" was inadvertently omitted from the definition for the defined term for "Oliphant." (ECF No. 61-21.) According to his second declaration, "Oliphant" should have been defined to mean "Oliphant Financial Group, LLC" rather than "Oliphant Financial, LLC." Specifically, he declared:

> When I read the First Declaration, prior to signing it, I did not realize that the word 'Oliphant,' in paragraph 2, was a so-called 'defined term,' that is, it was referring to Oliphant Financial, and not Oliphant Group, I would have asked Ms. Salvo, our attorney, to modify the Declaration so that it properly referred to Oliphant Group, and not Oliphant Financial.

(Id.) Once the typographical error in Mr. Morris's original declaration is corrected, there is no genuine dispute as to a material fact.[2]

Relatedly, Plaintiff also contests the basis for Mr. Morris's knowledge as to whether Plaintiff's debt was one of the accounts purchased from Evine. Specifically, she accuses him of lacking access to the necessary business records to confirm the ownership of Plaintiff's debt. (ECF No. 61-8 at 7.) Here, again, Plaintiff misstates the relevant deposition testimony, as Mr. Morris did not testify that he had no access to the relevant business records to confirm ownership of

---

[2]   The Court notes that Plaintiff, herself, made this exact same mistake in her complaint when she omitted the word "group" in alleging the purported FDCPA violation at issue. The letter stated explicitly, "Your account with the above referenced original creditor has been purchased and is now owned by our client, Oliphant Financial Group, LLC." (ECF No. 1-1 (emphasis added).) Plaintiff, however, omitted the word "group" when she wrote that "[t]he Letter states that Plaintiff owes a debt to 'Oliphant Financial, LLC.'" (ECF No. 1 at 5.) "There is an old adage which my good Mother used to quote to me, i.e., 'People who live in glass houses had best not throw stones.'" Douglas v. People of State of Cal., 372 U.S. 353, 360 (1963) (Clark, J. dissenting).

Plaintiff's debt.  In fact, Mr. Morris testified that he had access to the relevant business records as recently as the day prior to his deposition:

> Q:     Is it your testimony that whatever you reviewed yesterday evidenced that Group did not come into the account referenced in Plaintiff's Exhibit 3 as an asset until after Group was sold by Financial to ASAH?
>
> A .    That's correct and I can verify that for you, but I believe it was bought if you look at the -- should be able to tell by the bill of sale again.  Maybe that's where I determined it.

(ECF No. 61-6 at 8, 37:2-10.)  Plaintiff's argument thus fails.

Based on the foregoing, there is no genuine dispute as to the material fact that Oliphant Financial Group, LLC owned the debt in question.  Because the letter accurately reflected Oliphant Financial Group, LLC's ownership of the debt, there was no violation of the FDCPA, and Defendant is entitled to summary judgment.

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.  The Clerk of Court is respectfully directed to enter judgment in accordance with this Order and close this case.

**SO ORDERED.**

Dated:  September 22, 2021
     Central Islip, New York

                                    _/s/ (JMA)_____
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE